fact that it is the property of a corporation, and without reference to its use by the corporation, and as it would be if it were the property of an individual. I don't think it is necessary for the court to give any consideration to the question raised in the briefs that the auditor had the right, or that it was the duty of the auditor, especially to fix the value if he believed the value named in the return was not correct. I don't believe that it is necessary for the court to give any consideration to the question as to whether a method of that character, or of that kind, would be constitutional; or that an act providing for that method of procedure would be constitutional. I think it enough to say that the court is very clearly of the opinion that the Legislature has not yet provided for adopting that method of taxation. The order of the court will be, that all of the assessment upon the personal property of the Cedar Point Resort Company in excess of $61,045.90 will be declared void, and that it pay taxes at the regular and usual rate of taxation for the year 1912 upon that sum.

---

## SURETIES RELEASED BY ACTION PREJUDICIAL TO THEIR RIGHTS.

Common Pleas Court of Huron County.

WILLIAM T. HART v. C. W. MANAHAN ET AL. *

Decided, February 5, 1908.

*Sureties on Injunction Bond—Released by Release of Levy—Depriving Them of Their Remedy by Subrogation.*

Where further proceedings for recovery on a judgment are enjoined, and the original plaintiff thereafter, without the knowledge of the sureties on the injunction bond releases the levy by which he had obtained a lien upon a fund, he at the same time releases the sureties from liability to him on the injunction bond by reason of the fact that he has thereby deprived them of their remedy by subrogation against said fund.

---

* Affirmed by Circuit Court September 17, 1908.

*Theodore Alvord* and *Malcolm Kelly,* for plaintiff.
*C. P. & L. W. Wickham* and *Ben B. Wickham,* contra.

RICHARDS, J.

This action was brought for the purpose of recovering damages upon an injunction bond for $4,500, given in the Common Pleas Court of Erie County, in an action then pending therein in which it was sought to restrain this plaintiff from prosecuting certain actions in the states of New York and New Jersey. A jury has been waived by the parties, and this case submitted to the court.

A history of this litigation is an interesting, if not very encouraging commentary on the uncertainty of the law. A brief statement of it will aid in understanding the issues in this case.

Wm. T. Hart brought suit in the Lucas county common pleas court against Julia S. Manahan and Betsey M. Russell, which action resulted in a judgment in his favor, in 1897, for $3,199.26. That judgment was affirmed by the Circuit Court of Lucas County.

Thereupon Hart began proceedings upon said judgment in the courts of New Jersey and New York, in an attempt to collect the amount of the judgment, and in the case in New York obtained a levy by means of an attachment and process of garnishment upon a claim for $2,300, due from the Mutual Life Insurance Company to Julia S. Manahan.

Shortly thereafter Julia S. Manahan began proceedings in the Court of Common Pleas of Erie County to enjoin Hart from prosecuting said actions in New York and New Jersey. It was in this last action that the bond on which this suit is based was executed, and the defendants herein were the sureties on that bond. The condition of the bond is in substance that if said Julia S. Manahan shall pay to said William T. Hart such damages as he may sustain, if it shall be afterwards decided that said injunction was wrongfully granted, then the obligation to be void; otherwise to remain in full force.

In the common pleas court, the injunction, on final hearing on the merits, was dissolved except as to certain interest, and

Julia S. Manahan, the plaintiff therein, appealed. In the circuit court the decision on the merits was in favor of Julia S. Manahan, the court adjudging that William T. Hart be perpetually enjoined from collecting or attempting to collect by execution, action, proceeding or otherwise, in the states of New York, New Jersey, Ohio, or elsewhere, any part of said judgment and from further prosecuting said actions in New York and New Jersey. *Manahan* v. *Hart*, 2 C.C.(N.S.), 606.

Hart prosecuted error to the Supreme Court of Ohio, which court reversed the judgment below, dissolved the injunction, and rendered a final judgment in favor of Hart. *Hart* v. *Manahan*, 70 Ohio St., 189.

After the decision of the circuit court, making the injunction perpetual, the case in New York was disposed of by an entry on April 20th, 1903, in the supreme court of that state, which recites that by the consent of the attorneys for all the parties, it is ordered that the attachment be vacated and set aside.

Hart, being now unable to collect of the original judgment debtors, who have become insolvent, seeks by this action to hold the sureties on the injunction bond.

The discussion of the legal questions in this case has been characterized by much earnestness and ability. It is not found necessary, in the view which the court takes, to determine all of the matters which have been argued.

Whether the liability of sureties on an injunction bond may be limited by the terms of the order of injunction when the temporary injunction is granted in the common pleas court, and whether that liability ceased at the time of the decision of the common pleas court, or of the circuit court making the injunction perpetual, are interesting questions, not necessary to be now decided. I cite, however, *Williams* v. *Baker*, 13 C. C., 500 (7 C. D., 515).

The decision which I have reached is based on other aspects of the case which seem to compel the conclusion to which I have arrived.

The plaintiff, by virtue of his action in the New York court, had a lien by way of attachment on $2,300 due to Julia S. Mana-

han, one of the principal debtors in his original judgment.
That levy he voluntarily released, the language of the record
of the court being that it was entered "by consent of the attor-
neys for all parties."

It is urged that the case was dismissed by reason of the fail-
ure of Hart to give security for costs, and that for him to have
given security for costs would have been a violation of the in-
junction. It must, however, be remembered that the record
of the Supreme Court of New York imports absolute verity, and
it appearing by that record that the attachment was vacated and
set aside by consent, the fact is conclusively determined and
can not be questioned in this collateral way.

As a result of the release of that levy, the fund of $2,300 held
thereby was paid to Julia S. Manahan, the principal debtor of
W. T. Hart, or became dissipated and lost. That voluntary re-
lease was without the consent of the sureties, who are the de-
fendants herein, and certainly resulted to their prejudice.

Many cases have been cited by counsel, and much ingenuity
has been shown in determining the force and effect of the de-
cisions as to the consequences following from the release of that
fund.

In Boynton v. Phelps, 52 Ill., 210, upon which so much reli-
ance is placed by the plaintiff, it appears, as stated in the course
of the opinion, on page 217, that the creditor had two remedies,
one on the forthcoming bond, and one on the injunction bond.
The court held he had the right to obtain satisfaction on the
injunction bond. Manifestly, if he collected his judgment out
of the sureties on the injunction bond, they would be subro-
gated in equity to his rights in the forthcoming bond for the
goods levied on.

In the case at bar, the creditor, by voluntarily dismissing the
action in the Supreme Court of New York, has released the
$2,300 held by garnishment proceedings, and thereby forever
prevented the sureties on the injunction bond from ever obtain-
ing the benefit of subrogation if they should pay the debt.

In this respect, the case of Boynton v. Phelps, supra, is ma-
terially different from the case at bar. The very case of Boyn-

*ton* v. *Phelps* recognizes, in the first proposition of the syllabus the general doctrine that if the principal debtor makes an agreement without the consent of the surety which is prejudicial to the surety, he will thereby be discharged. Of course such a result would as certainly follow if the agreement prejudicial to the surety were made by the creditor himself.

Whether, in other respects, *Boynton* v. *Phelps*, 52 Ill., 210, can be reconciled with 54 O. S., 98, and 44 O. S., 221, we need not stop to inquire.

The case at bar seems to be on all fours with *Maquoketa* v. *Willey*, 35 Iowa, 323, 329. In that case it was held that while the law does not require the party to institute a suit against the debtor, yet having done so, and acquired a hold on property therein, as by levy of attachment or execution, he can not afterwards in any manner relinquish the same to the prejudice of the surety, and if he does so, the surety will be discharged to an extent corresponding with its value. This decision is in accordance with the general doctrine that the surety is entitled to every remedy which the creditor had.

See *Sheldon on Subrogation*, Sections 119, 122; *Dixon on Subrogation*, 59; 3 Ohio, 281; 40 Ohio State, 446.

The substantial damages which have been sustained by the plaintiff, arise from the release, by him, through his New York attorneys, of the levy in the attachment case. They do not arise from the wrongful granting of the injunction.

It is true, however, that this plaintiff is entitled to nominal damages, because the injunction was wrongfully granted, but under the circumstances of the case, nothing more than nominal damages.

Having released a fund upon which he had a lien by levy of garnishment, he can not thereafter hold the sureties in the injunction bond for the same. His act, or his attorney's act, for which he is responsible, has deprived these sureties of all remedy by way of subrogation, and it would be inequitable for him to require the sureties to make good to him the amount of a fund so released.

A judgment may be entered for the plaintiff for nominal damages.